Filed 11/25/13  P. v. Addington CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C072346 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035691) |
| v. | |
| KIRK ADDINGTON, | |
| Defendant and Appellant. | |

On January 3, 2012, defendant Kirk Addington went to Brandy Johnson's house and requested a ride.[1]  She told him she was unable to give him a ride and told him to leave.  Instead of leaving, and without Johnson's permission, defendant drove away in Johnson's truck.  Later that day, defendant and the truck were located in a makeshift camp.  He told police that Johnson regularly allowed him to drive her cars to facilitate

---

[1]  Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report.

1

methamphetamine purchases. He admitted that he owed her money and that she was angry about his debt.

Defendant pleaded no contest to unlawful taking and driving a vehicle (Veh. Code, § 10851, subd. (a)) and admitted that he had served two prior prison terms (Pen. Code, § 667.5, subd. (b)). In exchange, a strike allegation and two prior prison term allegations were dismissed with a *Harvey* waiver.[2]

Defendant was sentenced to prison for four years, awarded 238 days' custody credit and 238 days' conduct credit, and ordered to pay a $240 restitution fine (Pen. Code, § 1202.4), a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

           RAYE         , P. J.

We concur:

      BUTZ        , J.

      HOCH       , J.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2